IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARNELL L. SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BLANE BRANDON, et al. | : | NO. 15-3646 |

**M E M O R A N D U M**

GOLDBERG, J.                          JULY  28th ,2015

     Plaintiff has filed a pro se 42 U.S.C. § 1983 civil rights complaint against members of the staff at the Northampton County prison. He is alleging that he was not released on parole because he was given an inaccurate misconduct charge.

     For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

     In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that plaintiff's constitutional rights have been violated by the defendants.

     Plaintiff has no constitutional or inherent right as a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). Likewise, no such right is established under Pennsylvania law. McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993).

     Furthermore, in his prayer for relief, in addition to money damages, plaintiff is seeking release from incarceration,

which is a request that may only be brought in a petition for a writ of habeas corpus, not a 1983 action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.